UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DU TRUONG NGUYEN,<br>　aka "Andrew,"<br><br>　　　　Defendant. | No. CR 15-662-SVW<br><br>ORDER VACATING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |

　　Plaintiff, the United States of America, by and through its counsel of record, Assistant United States Attorney Karen I. Meyer, and defendant, Du Truong Nguyen, individually, appeared at a status conference held before this Court on December 12, 2022, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

　　1.　The Indictment in this case was made public on December 10, 2015.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on December 14,

2015.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 22, 2016.

2.   On December 14, 2015, the Court set a trial date of February 9, 2016.

3.   Defendant is released on bond pending trial.  The parties estimate that the trial in this matter will last approximately two days.

4.   Defendant is charged with violations of 18 U.S.C. § 1956(h), Conspiracy to Launder Monetary Instruments, and 31 U.S.C. § 5324(a)(2).

5.   Judge Wright previously continued the trial date in this case from February 9, 2016, to December 13, 2022, when defendant was joined with other defendants for trial, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  This Court continued the trial date from December 13, 2022, to April 18, 2023, finding the period to be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act.  (CR 834.)

6.   In December 2021, defendant went to trial on the related case numbered 16-166-ODW and was convicted.  Sentencing was scheduled for May 23, 2022, and then ultimately continued to August 1, 2022.  Prior to sentencing on that case, defendant fired his counsel to proceed <u>pro se</u>, both as to sentencing in the 16-166-ODW matter and trial in the 15-662-ODW matter.  Judge Wright held <u>Faretta</u> hearings.  At the continued sentencing proceeding, Judge Wright raised a competency concern pursuant to 18 U.S.C. § 4241.  Government counsel obtained a court order permitting the appointment

of Dr. Saul Faerstein to examine defendant for competency, both for sentencing and for trial. (CR 136 (15-662); CR 145 (CR 16-166)).

7. Subsequently, Judge Wright <u>sua sponte</u> severed defendant from the other defendants and transferred both of defendant's matters to this Court. (CR 766, Order to Reassign Case due to Self-Recusal).

8. On November 28, 2022, this Court held a status conference regarding competency proceedings. Defendant appeared in person. Government counsel advised that defendant refused to meet with Dr. Faerstein for an evaluation. There was no discussion of a new trial date before this Court. This Court put the matter over to December 12, 2022, for further proceedings.

9. On January 13, 2023, this Court ordered that defendant be subject to a competency evaluation conducted by the Federal Bureau of Prisons pursuant to 18 U.S.C. § 4241(b) and that a report of that examination be filed with the Court. (CR 812.) The Court also set a date for a competency hearing of January 30, 2023. On January 26, 2023, this Court issued a scheduling notice continuing the competency hearing to February 27, 2023. The Bureau of Prisons then requested a continuance. On February 24, 2023, this Court entered an order setting a schedule for the completion of the competency examination and subsequent report and continued the competency hearing to May 8, 2023. (CR 840).

10. Defendant has filed the following motions, which are currently before the Court pending resolution of the competency issue:

    a. Notice of Motion and Motion for Relief Pursuant to Provisions of CCP 473(B), filed September 2, 2022 (CR 754);

    b. Opposition to Ex Parte Application to Advance Hearing on Demurrer to April 1, 2016, filed September 2, 2022 (CR 755);

    c. Motion to Dismiss a Void Judgment for Lack of Prosecution, Fraud on the Court, Deception and Collusion and Lack of Jurisdiction, Demand for Proof of Jurisdiction, Demand for Proof of Claim, Demand for Dismissal with Prejudice, Damages Awarded to Me, and Demand for Proof of Claims, filed September 6, 2022 (CR 760);

    d. Notice of Motion and Motion for Relief Pursuant to Provisions of CCP 473(d), filed September 6, 2022 (CR 762);

    e. In Answer to Plaintiffs Based Upon 11th Amendment Bar and Defendant's Motion to Dismiss – Plaintiff's Motion for Judgment on the Pleadings and/or Motion for Summary Judgment, filed September 6, 2022 (CR 764); and

    f. Notice of Invoice of Transgression of My Rights, filed September 9, 2022 (CR 769).

  11. On March 27, 2023, defendant filed the following additional motions and documents[1]:

    a. Affidavit of Bias or Prejudice and Certificate of Counsel (CR 845);

    b. Complaint of Judicial Misconduct or Disability (CR 846);

    c. Demand for Payment under UCC 3-108 (CR 847);

    d. Motion to Disqualify (CR 848);

    e. Memorandum of Law Article II Court Common Law Equity (CR 849);

---

[1] They were received on the docket on March 30, 2023.

    f. Motion to Dismiss Common Law Article III Court (CR 850);

    g. Motion for Appointment of Private Investigator Pursuant to Criminal Justice Act of 1964 and Federal Rules of Evidence Rule 706(a) (CR 851);

    h. Certificate of Counsel Article III Court Common Law & Equity (CR 852); and

    i. Proof of Service (CR 853).

  12. On April 5, 2023, this Court denied defendant's motion to disqualify (CR 848), motion to dismiss (CR 850), and motion for appointment of a private investigator (CR 851) (CR 854). This Court found defendant's other filings to be largely duplicative of the motion to disqualify as well as frivolous. (CR 854).

  13. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or defendant, or failure on the part of the attorney for the Government to obtain available witnesses.

  14. The ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

  15. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

  Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

  THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued pending resolution of the competency proceedings, and the time period from April 18, 2023, to the conclusion of those proceedings is excludable pursuant to 18 U.S.C. § 3161(h)(1)(A).

2. The time period from April 18, 2023, to the new date when trial is set, is also excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(D) (pending motion), (h)(7)(A) (ends of justice) and (h)(7)(B)(i) (miscarriage of justice).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

April 21, 2023
DATE

HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
KAREN I. MEYER
Assistant United States Attorney